**BALTIMORE & O. R. CO. et al. v.
UNITED STATES et al.**

No. 8465.

United States District Court
E. D. Missouri, E. D.

June 18, 1952.

Richmond C. Coburn, Toll R. Ware, St. Louis, Mo., James B. Gray and Robert H. Bierma, Chicago, Ill., for plaintiffs.

William V. O'Donnell, Asst. U. S. Atty., St. Louis, Mo., and Frank V. Vesper, Special Asst. Atty. Gen., for the United States.

Leo H. Pou, Washington, D. C., for Interstate Commerce Commission.

Frank A. Leffingwell, Dallas, Tex., and S. W. LaTourette, St. Louis, Mo., for Texas Citrus & Vegetable Growers and Shippers.

Before THOMAS, Circuit Judge, and MOORE and HARPER, District Judges.

HARPER, District Judge.

This is a suit to enjoin, set aside, annul and suspend a certain order of the Interstate Commerce Commission, issued in a proceeding instituted by complaint of shippers under the Interstate Commerce Act, entitled "Texas Citrus and Vegetable Growers and Shippers vs. Atcheson, Topeka & Santa Fe Railway Company, et al., Docket # 30,074." Sections 1336, 1398, 2284 and 2321–2325, Title 28 U.S.C., confer jurisdiction on this court in this matter.

The complaint before the Commission alleged that the rates and charges on fresh vegetables in carloads from origins in Texas to destinations in the United States other than Texas, were unreasonable, unduly prejudicial to vegetable growers and shippers in Texas, and unduly preferential of vegetable growers and shippers in Arizona, California and New Mexico. The complaint requested the Commission to prescribe rates for the future. The Commission by order of December 21, 1950, prescribed maximum rates on vegetables.

The carriers (plaintiffs here), on March 21, 1951, filed a petition for reconsideration and rehearing, and as the basis therefor claimed that the rates prescribed by the Commission were confiscatory, and if made effective would deprive them of their property without due process of law in contravention of the Fifth Amendment to the Constitution of the United States, and sought opportunity to offer proof on this question. The Commission granted reconsideration on the record as made, but did not permit the submission of additional evidence. On January 7, 1952, the Commission issued its further report and order modifying the rates to some extent. On February 15, 1952, the carriers (plaintiffs here) again requested the Commission to grant a rehearing to afford the parties thereto an opportunity to offer proof in support of their averment that the rates prescribed in the order were confiscatory, which petition was denied by the Commission by its order dated March 7, 1952.

The plaintiffs brought this action seeking to restrain the enforcement of the order of the Commission dated January 7, 1952, and as grounds therefor allege that the refusal

of the Commission to grant a rehearing as requested was and is arbitrary and capricious and an abuse of its discretion, contrary to the provisions of the Interstate Commerce Act and that the rates prescribed are confiscatory. The plaintiffs desire to present testimony before this court on that issue, but do not here contend that the rates are not just and reasonable based on the record.

The defendant, United States of America, and intervening defendants, Interstate Commerce Commission and Texas Citrus & Vegetable Growers and Shippers, have filed motions to dismiss. The plaintiffs have filed a motion to stay this cause, but with jurisdiction retained in the court, and to remand the cause to the Commission for the sole purpose of administrative determination by said Commission of the cost of transporting vegetables.

The question for the court is whether or not the plaintiffs have a right to a trial de novo at this stage of the proceedings on the question of confiscatory rates. One of the important elements in the determination of just and reasonable rates is cost of service, but the question here is: When must such evidence be presented?

In dealing with the question of confiscatory rates the Supreme Court in New York v. United States, 331 U.S. 284, loc. cit. 335, 67 S.Ct. 1207 loc. cit. 1234, 91 L.Ed. 1492, said:

"As stated in Manufacturers R. Co. v. United States, 246 U.S. 457, 489, 490, 38 S.Ct. 383, 392, 393, 62 L.Ed. 831, and in St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 53, 54, 56 S.Ct. 720, 726, 727, 80 L.Ed. 1033, correct practice requires that where the opportunity exists, all pertinent evidence bearing on the issues tendered the Commission should be submitted to it in the first instance and should not be received by the District Court as though it were conducting a trial de novo."

In United States v. Capital Transit Company, 338 U.S. 286, loc. cit. 291, 70 S.Ct. 115, loc. cit. 117, 94 L.Ed. 93, the Supreme Court said:

"It is also argued here that the orders should be set aside because they are confiscatory. But the record fails to show that this issue was properly presented to the Commission for its determination. Therefore the question of confiscation is not ripe for judicial review."

And in Alabama Public Service Commission v. Southern Railway Company, 341 U.S. 341, loc. cit. 348, 71 S.Ct. 762, 768, 95 L.Ed. 1002, the court said:

"And, whatever the scope of review of Commission findings when an alleged denial of constitutional rights is in issue, it is now settled that a utility has no right to relitigate factual questions on the ground that constitutional rights are involved."

In New York v. United States, supra, the District Court, 65 F.Supp. 856, permitted the presentation of further evidence with respect to confiscation, but the Supreme Court said, 331 U.S. loc. cit. 336, 67 S.Ct. loc. cit. 1234.

"Thus we think that if the additional evidence was necessary to pass on the issue of confiscation, the cause should have been remanded to the Commission for a further preliminary appraisal of the facts which bear on that question."

In Baltimore & Ohio Railroad Company v. United States, 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed. 1209, testimony with respect to confiscation was permitted in the District Court and approved by the Supreme Court, but that case involved the division among carriers of the revenue resulting from admitted reasonable rates, and is not in point in this proceeding.

The complaint before the Commission dealt only with rates and the plaintiffs here were therefore on notice of the rates sought and were required to answer that complaint before the Commission. The plaintiffs here seek to relitigate a factual question involved in the proceeding before the Commission on which they initially elected not to present evidence. Cost of service has long been recognized as an important element in the reasonableness of

any rate. The Supreme Court in Manufacturers Railroad Company v. U. S., 246 U.S. 457, at pages 488 and 489, 38 S.Ct. 383, 62 L.Ed. 831, discused the subject of confiscation and the presenting of evidence on that question before the courts. At page 489, 246 U.S., at page 392, 38 S.Ct. the court said:

> "Nevertheless, correct practice requires that, *in ordinary cases* (italics ours), and where the opportunity is open, all the pertinent evidence shall be submitted in the first instance to the Commission, and that a suit to set aside or annul its order shall be resorted to only where the Commission acts in disregard of the rights of the parties."

Rate cases such as this suit are among the ordinary cases referred to in the Manufacturers Railroad case, supra. The pertinent evidence bearing on the issue of confiscation should have been submitted to the Commission in the initial hearing, but was not. Such testimony will not be received by the District Court in this suit.

The plaintiff's motion to stay and remand is accordingly overruled, and the defendants' motion to dismiss is sustained, and the cause is ordered dismissed.